UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>ANN MARIE SCHUBERT,<br><br>Defendant. | No. 2:22-cv-0339 JAM CKD PS<br><br><br><br>ORDER |

Plaintiff seeks relief under 42 U.S.C. § 1983. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's pro se complaint filed on February 22, 2022 is before the court for screening.

**I.    In Forma Pauperis**

Plaintiff has filed an application in support of his motion to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis will be granted.

**II.   Screening and Pleading Standards**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### III.    Screening of the Complaint

#### A.  Plaintiff's Allegations

Plaintiff alleges he was wrongfully arrested in connection with an incident at Safeway involving police misconduct and police brutality. (ECF No. 1 at 1-2.) He was booked on misdemeanor offenses including trespass and released on his own recognizance. While plaintiff awaited court, there was "harassing, targeting, threatening safety" [and] terrorizing." These allegations possibly refer to conduct by an officer connected to plaintiff's arrest. (See Id. at 2.)

On the day scheduled for plaintiff's arraignment, the judge stated three charges on the record, none of which was the trespass misdemeanor. (ECF No. 1 at 2.) Plaintiff was again released on his own recognizance. (Id.)

On July 28, 2020, plaintiff was arrested for assault with a deadly weapon. (ECF No. 1 at 2.) Plaintiff was "deemed incompetent by a self-[i]mposed request, meaning, I, do not meet the criterion for being incompetent to stand trial." (Id. at 3.)

Plaintiff was held in custody for over 16 months. (ECF No. 1 at 2.) He alleges: "This was willful and knowingly act to suppress [evidence]. Thus, offer a deal sentence unconstitutional for law. That sentence plea deal was an act of cruel unusual punishment." (Id. at 3.) Plaintiff attached to the complaint documents related to an arrest and the misdemeanor case. (ECF No. 1 at 7-16.)

Plaintiff is now out of custody and scheduled for a motion to withdraw his plea. He is on parole, which he alleges is unnecessary, and was arrested for absconding. (ECF No. 1 at 4.) Plaintiff alleges he has a forged second strike on his record, which is cruel and unusual punishment. (Id.)

**B. The Complaint Fails to State a Claim**

Although the Federal Rules adopt a flexible pleading policy, even a pro se complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). The allegations in the complaint do not satisfy the requisite standard.

The complaint specifies it is for violations of civil rights. However, it is not clear whether plaintiff may additionally intend to challenge the fact or duration of a conviction or sentence. If so, such claims would be properly raised in a petition for writ of habeas corpus, rather than a civil rights complaint under 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam); Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

3

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff alleges his arrest involved police misconduct and brutality, and that his plea agreement constitutes cruel and unusual punishment. However, the complaint does not specify what relief plaintiff seeks, and does not plead adequate facts to state a claim upon which relief may be granted. As plaintiff is not represented by counsel, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he can do so in good faith.

### C. Wrongful Arrest

"A claim for unlawful arrest is cognizable under [42 U.S.C.] § 1983 as a violation of the Fourth Amendment provided that the arrest was made without probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). Plaintiff does not allege facts about the circumstances of his arrest(s) to support a conclusion that probable cause or other justification was lacking. Using the label or conclusion wrongful arrest does not suffice to state a claim. See Twombly, 550 U.S. at 555.

Plaintiff is cautioned that a false arrest claim may be barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If plaintiff suffered a criminal conviction or sentence has not been reversed, expunged, or otherwise invalidated, then claims that necessarily imply the invalidity of the criminal conviction or sentence must be brought in a petition for writ of habeas corpus rather than through a § 1983 case. See id; Muhammad v. Close, 540 U.S. 749, 750-751 (2004).

### D. Police Misconduct and Police Brutality

Police officers violate an individual's Fourth Amendment rights when they use excessive force during an arrest. See Graham v. Connor, 490 U.S. 386, 396 (1989). Such claims are assessed using a standard of objective reasonableness. Blanford v. Sacramento County, 406 F.3d 1110, 1115 (9th Cir. 2005). Although plaintiff mentions police misconduct and police brutality, the complaint does not name any officer as a defendant. The complaint also does not include

specific factual allegations describing the circumstances of the arrest. Accordingly, the complaint does not state a claim under the Fourth Amendment related to plaintiff's arrest.

### E. Prosecutorial Immunity

The only named defendant is the prosecutor in plaintiff's criminal case. Defendant is immune from a suit for damages under § 1983 for acts related to the initiation and presentation of criminal prosecutions. Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997) (citing Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976)); see also Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (the classification of the challenged acts, rather than the motivation underlying them, determines whether absolute immunity applies). Generally, decisions who to prosecute and charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence are of the type that will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

### IV. Conclusion and Order

The complaint fails to state a claim upon which relief may be granted. Because plaintiff proceeds pro se, plaintiff will be granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a).

If plaintiff files an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim.

3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the

Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  April 4, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Foster22cv339.screen