UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 2:22-cv-0339 JAM CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANN MARIE SCHUBERT, | |
| Defendant. | |

Plaintiff proceeds pro se and seeks relief under 42 U.S.C. § 1983. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint filed on May 5, 2022 is before the court for screening.

**I.      Screening and Pleading Standards**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

**II.     Screening of the First Amended Complaint**

**A. Plaintiff's Allegations**

Plaintiff alleges he was wrongfully arrested for misdemeanor offenses on July 28, 2020 pertaining to case number 2020-225347. (ECF No. 4 at 2, 7-8.) While he was in custody, a felony count charging assault with a firearm was added in the case. (Id. at 2-3.) Plaintiff submitted letters containing exonerating evidence to the defendant, who ignored the letters. (Id. at 3.) "Other exoneration attempts [were] sent to the e-mail address listed on the web site" by plaintiff's mother and other family members. (Id.) Defendant willfully "ignored all submitted evidence," leaving plaintiff "abandon[ed] in confinement" until his eventual release. (Id.) For relief, plaintiff seeks monetary damages. (Id. at 5.)

////

### B. The Amended Complaint Fails to State a Claim

Plaintiff's amended complaint clarifies he seeks monetary damages for alleged violations of civil rights. Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### 1. Prosecutorial Immunity

As the prosecutor of plaintiff's criminal case, defendant is immune from a suit for damages under 42 U.S.C. § 1983 for acts related to the initiation and presentation of criminal prosecutions. Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997) (citing Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976)); see also Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (the classification of the challenged acts, rather than the motivation underlying them, determines whether absolute immunity applies). Generally, decisions who to prosecute and charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence are of the type that will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Here, plaintiff alleges defendant willfully ignored his exonerating evidence in the prosecution of his criminal case. Even if defendant acted maliciously or purposefully, however, the alleged conduct of ignoring plaintiff's exonerating evidence was an act or omission relating to the presentation of the criminal prosecution. See Ashelman, 793 F.2d at 1075; Stevens, 608 F. Supp. at 728. Defendant is immune from such a suit for damages.

#### 2. Wrongful Arrest

"A claim for unlawful arrest is cognizable under [42 U.S.C.] § 1983 as a violation of the Fourth Amendment provided that the arrest was made without probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). Here, however, the amended complaint does not allege sufficient facts about the circumstances of

plaintiff's arrest to support a plausible inference that probable cause or other justification was lacking. As plaintiff was previously informed, using the label or conclusion wrongful arrest does not suffice to state a claim. (ECF No. 3 at 4 (citing Twombly, 550 U.S. at 555).) Moreover, the only named defendant is not alleged to have had any personal involvement in plaintiff's arrest, but rather, only subsequent events. Thus, plaintiff does not state a claim for wrongful arrest.

### E. No Leave to Amend

Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Leave to amend shall be freely given, but the court does not have to allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). In this case, plaintiff seeks damages for acts related to the initiation and presentation of a criminal prosecution and defendant is immune from such a suit. Thus, it clearly appears further leave to amend would be futile.

### III. Conclusion and Order

In accordance with the above, IT IS RECOMMENDED:

1. Plaintiff's amended complaint (ECF No. 4) be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 17, 2022

8.Foster22cv339.scrn2ac.fr

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4